**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER SWINT, | ) | CASE NO.  5:20-cv-418 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| OHIO BUREAU OF WORKMEN'S | ) | |
| COMPENSATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Alexander Swint ("Swint") brings this action against defendants Ohio Bureau of Workers' Compensation ("OBWC"),[1] the Ohio Industrial Commission ("IOC"),[2] Dr. John Mannos, and Cornelius Baasten. (Doc. No. 1 (Complaint ["Compl."]).[3]) He brings this action pursuant to 42 U.S.C. § 1983 concerning the termination of disability benefits. Swint moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Swint claims that his OBWC disability benefits were wrongfully terminated for certain periods of time between May 31, 2000 and February 1, 2020, that he was refused service by his case manager because of his race, and that he was disrespected by a claim representative at the OBWC's Canton office. (Compl. at 3-4.[4]) He claims that the OBWC terminated his benefits

---

[1]  Plaintiff incorrectly identifies the OBWC as the Ohio Bureau of Workmen's Compensation.

[2]  Plaintiff incorrectly identifies the IOC as the Industrial Commission of Ohio.

[3]  Swint also filed a supplement to the complaint (Doc. No. 3) which the Court will consider as part of the pleading.

[4]  All page numbers refer to the page identification numbers generated by the Court's electronic filing system.

based upon false medical information and did not allow him to have legal representation at hearings in violation of his constitutional rights. (Doc. No. 1-1 at 9.) Swint identifies defendant Mannos as a "BWC doctor" who, along with Dr. Soni, reported false information about his condition to the OBWC. (*Id.* at 8.) Defendant Cornelius Baaston is a lawyer[5] who Swint alleges attempted to persuade him to settle his claim and did nothing to help him with an injury in 2000. (*Id.* at 9.) For relief, Swint seeks payment of the terminated benefits. (Compl. at 5.)

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6), articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), governs dismissal for failure to state a

---

[5] *See* http://baastenmckinleyatty.com/cornelius-j-baasten/.

claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Analysis

#### *The Court lacks subject matter jurisdiction*

Federal courts have subject-matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331), or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts are courts of limited jurisdiction, and the party invoking jurisdiction bears the burden of establishing the Court's authority to hear a case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Even with the benefit of liberal construction, there is no federal question apparent from the face of the complaint. Swint alleges that the OBWC violated his constitutional rights by relying on false medical information and terminating his disability benefits, and that his case manager refused to assist him because of his race. These conclusory, isolated, and threadbare assertions are insufficient for this Court to draw a reasonable inference that defendants are liable for any violation of Swint's constitutional rights or federal law.

There being no basis for federal question jurisdiction, or any allegations from which the Court could infer a basis for diversity jurisdiction, the Court lacks authority over this matter and dismisses this action pursuant to Rule 12(h)(3). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d

697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction[.]").

### *Swint's § 1983 claims are dismissed pursuant to § 1915(e)(2)(B)*

Even if there were a federal question for this Court to consider pursuant to 42 U.S.C. § 1983, this case would nevertheless be dismissed. "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980) (quoting 42 U.S.C. § 1983).

In Ohio, § 1983 claims must be brought within two years from accrual. *See Banks v. City of Whitehall,* 344 F.3d 550, 553 (6th Cir. 2003). Swint's claims regarding terminated disability benefits reach back to 2000, and claims accruing prior to February 24, 2018, are time-barred.

To the extent that Swint asserts § 1983 claims within the two-year limitations period, he fails to state a claim against defendants. The OBWC, OIC, and "BWC doctor" Mannos are not "persons" for the purpose of § 1983 and are immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–68, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (the State of Ohio and its agencies are not a "person" subject to suit under § 1983 and are immune from suit under the Eleventh Amendment); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable because state officials are not "persons" under § 1983); *see also Richardson v. Indus. Comm'n of Ohio*, No. 3:09-cv-455, 2010 WL 1253814, at *3 (S.D. Ohio Jan. 29, 2010)

4

("[C]laims for money damages against the State of Ohio entities, to wit, the Bureau of Workers' Compensation, the Industrial Commission, and Marsha Ryan, the Administrator of the BWC, are barred by the Eleventh Amendment … for lack of subject matter jurisdiction."), *report and recommendation adopted,* No. 3:09-CV-455, 2010 WL 1253858 (S.D. Ohio Mar. 17, 2010). With respect to defendant Baaston, a private individual may only be liable under § 1983 for a constitutional violation if his conduct is fairly attributable to the State of Ohio as determined by three tests: "(1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citations omitted). Swint alleges no facts from which the Court may infer that Baaston's alleged conduct is fairly attributable to the State of Ohio under any of these tests.

Accordingly, to the extent the Court has subject matter jurisdiction, this action is dismissed pursuant to § 1915(e)(2)(B).

### III. CONCLUSION

For all the foregoing reasons, this action is dismissed. Swint's motion to proceed *in forma pauperis* is granted. (Doc. No. 2.) Swint's motion for appointment of counsel is moot and denied as such. (Doc. No. 4.) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 24, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**